UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>VS.<br><br>JONATHAN KHALID PETRAS (01)<br>WISAM IMAD SHAKER (02)<br>ESSA SOLAQA (03)<br>KHALID YOHANA (04) | §<br>§<br>§ Case No. 2:15-CR-87– D<br>§<br>§<br>§<br>§ |

### AGREED PROTECTIVE ORDER

Defendants JONATHAN KHALID PETRAS, WISAM IMAD SHAKER, ESSA SOLAQA, AND KHALID YOHANA, ("Petras, et al.) and THE UNITED STATES OF AMERICA file this Proposed Agreed Protective Order in the above-entitled and numbered cause.

The Court hereby ORDERS as follows:

1. In this Action, Case No. 2:15-CR-87, any party or any nonparty producing or furnishing information of any nature to another party (a "Producing Party") may, in accordance with the procedures set forth in paragraph 6 herein, designate as "Confidential" any non-public document or part thereof or any discovery response that such counsel believes in good faith to contain or reflect "Confidential Information." Such designation shall be made at the time the information is produced or furnished, or at a later time as provided in paragraph 10 herein. For purposes of this Protective Order, Confidential Information shall include information that is privileged or otherwise exempt from discovery under applicable law, trade secrets and proprietary information, or other confidential business or personal private information. Any party may, at any time, request that a "Confidential" designation be removed and, if the Producing Party objects, seek relief from the Court pursuant to paragraph 6(e) herein.

2. Confidential information shall be used only for the purposes of prosecuting or defending this Action and not for any business or other purpose whatsoever. Confidential information shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in paragraph 3 herein.

3. Except by prior written consent of the Producing Party, or by further Order of the Court after reasonable advance notice to the Producing Party's counsel, and subject to the other provisions of this Order, information designated as "Confidential" may not be disclosed in any manner to any person other than:

(a) The parties to this Action;

(b) counsel to the parties to this Action;

(c) paralegal, clerical, investigatory, and support personnel employed or retained by counsel for any party to this Action;

(d) independent consultants and experts engaged by the parties to this Action, subject to paragraph 4;

(e) actual witnesses during trial of this Action and their respective attorneys who are not otherwise encompassed within subparagraphs (a) or (d) above, subject to paragraph 4; and

(f) the Court and its staff, including any stenographic reporter who record any court proceedings in this Action.

4. All persons or entities to whom Confidential Information is disclosed shall be informed of the terms of this Protective Order. In addition, before Confidential Information is disclosed to any person described in subparagraphs 3(d) and (e), such person or entity shall be informed that:

(a) such information is claimed to be Confidential Information of the Producing Party;

(b) such information is subject to this Protective Order; and

(c) violation of this Protective Order may subject the disclosing person to penalties assessed by this Court.

5. Counsel shall obtain from any person or entity described in subparagraphs 3(d) and (e), herein a written acknowledgment, in the form of Exhibit A annexed hereto, that such person or entity has reviewed a copy of this Protective Order and has been informed of its effect. Such signed acknowledgment shall be retained by counsel who obtained them.

6.(a) In the case of documents, designation shall be made by placing the legend "Confidential" on those pages of a document deemed to contain Confidential Information. If the entire document is deemed to contain Confidential Information, the legend "Confidential" need be placed only on the first page.

(b) A party may contest a confidentiality designation by notifying the designating person or party, in writing, that the receiving party objects to the particular confidentiality designation. Those involved shall work together in good faith to resolve the objection. If no resolution is reached, the party objecting to the particular confidential designation may file a motion with the Court seeking resolution of the objection. The party objecting to the designation of the document has the burden of proving the document should not be so designated.

(c) All of the documents, material or information that are the subject of the dispute will continue to be subject to this Agreed Protective Order unless and until the Court rules otherwise. No presumption of confidentiality shall arise merely because of the existence of this Agreed Protective Order.

(d) Confidential information subject to this Protective Order shall mean information not generally known to the public, and information shall not be subject to this Order as Confidential Information, if the content and/or substance thereof:

(i) is, at the time of the disclosure, in the public domain, by publication or otherwise;

(ii) becomes at any time, through no act or failure to act on the part of the receiving party, part of the public domain, by publication or otherwise;

(iii) is already in the possession of a party at the time of disclosure by the other party and was not acquired directly or indirectly from the disclosing party; or

(iv) is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

7. No party to this Action who treats information as "Confidential" in accordance with the terms of this Order shall be deemed to have conceded that the information actually is "Confidential." Neither the designation of any information as "Confidential" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

8. If any party or entity fails to designate documents or copies as "Confidential," that party/entity does not waive its right to designate them as "Confidential" at any time, and the parties agree that such designation will be effective unless the objecting party outlines in writing that it will suffer undue prejudice by the designation and then obtains a court order that affirms the objecting party will suffer undue prejudice by the designation.

9. If a party or nonparty produces two or more identical copies of a document and only one is designated as "Confidential," all such identical copies shall be treated as

"Confidential" in accordance with this Protective Order, once the inconsistent designation is known.

**10.** Within ninety (90) days after conclusion of this Action, including any appeal, all Confidential Information and all documents containing or reflecting Confidential Information, including but not limited to copies, summaries, and excerpts, that are in the possession of any Receiving Party or its attorneys, except for documents containing the Receiving Party's attorney work product, either (a) shall be returned to the Producing Party or (b) shall be destroyed, with a confirmation of destruction served on the Producing Party, except as the Court may otherwise order or as the parties may otherwise agree.

**11.** This Protective Order applies to all Confidential Information produced in connection with this Action, including all Confidential Information produced prior to the date this Protective Order is signed. Any violation of this Protective Order shall subject the violating party or persons to all remedies deemed appropriate by the Court.

**12.** The Clerk of the Court is directed to maintain under seal all information, documents, objects, and other materials filed with the Court that have been designated by a party or producing non-party to this Action as "Confidential." To assist the Clerk, any document or object a party wishes to have placed under seal pursuant to this Order shall be filed with the Clerk's office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this Action, an identification of the nature of the contents of the sealed envelope or container, the word "Confidential," and a statement substantially in the following form: "This envelope [container] contains documents [objects] that are filed in this case by [name of party or producing no-party entity] and is not to be opened, nor

are the contents thereof to be displayed or revealed, except by written Order or under the direction of the Court.

13. Due to the issues presented in this Action, pretrial discovery is likely to implicate information designated by the U.S. Transportation Security Administration (TSA) as Sensitive Security Information (SSI), which is subject to federal law. The parties acknowledge that the disclosure and handling of SSI will be subject to TSA approval and any restrictions that it may impose. The parties do not intend that this protective order supersede or conflict with such approval, restrictions or procedural requirements of applicable federal statues or regulations.

14. This Protective Order in and of itself, is not grounds for any party to argue for the production of documents that are otherwise subject to a party's or non-party's valid objections to such production.

15. A Producing Party may designate documents as "Confidential – Attorney's Eyes Only." Documents designated as "Confidential – Attorney's Eyes Only" shall be subject to all of the same requirements as documents designated as "Confidential" plus the additional requirement that such documents shall not be disclosed to any defendant in this Action.

**AGREED AS TO FORM & SUBSTANCE**

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*/s/ Bonita L. Gunden*
BONITA L. GUNDEN
Texas Bar No. 08620450
Assistant Federal Public Defender
500 S. Taylor St., Suite 110
Amarillo, Texas 79101
Phone (806) 324-2370
Fax (806) 324-2372
**ATTORNEY FOR DEFENDANT
JONATHAN KHALID PETRAS**

*/s/ Justin Almand*
JUSTIN ALMAND
Southwest Airlines Co.
Producing Nonparty

PETERSON FARRIS BYRD & PARKER
A Professional Corporation
P.O. Box 9620
Amarillo, Texas 79105-9620
(806) 374-5317
FAX (806) 372-2107

By: _____
Thomas D. Farris, SBN: 06844700

_____
Blair Saylor Oscarsson, SBN: 24056073

**ATTORNEYS FOR DEFENDANT
WISAM IMAD SHAKER**

Thomas R. Dixon, Jr.
State Bar No. 05912400
Slater C. Elza
State Bar No. 24000747
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor St., Suite 1200
Amarillo, Texas 79101
(806) 379-0347
Fax (806) 349-9470

By: _____
Thomas R. Dixon, Jr.

_____
Slater C. Elza

**ATTORNEYS FOR DEFENDANT
ESSA SOLAQA**

John Ben Blanchard
State Bar No. 0244620
Joshua I. Skora
State Bar No. 24093162
BROWN & FORTUNATO
905 S. Fillmore St., Suite 400
Amarillo, Texas 79101
(806) 345-6300
FAX (806) 345-6363

jblanchard@bf-law.com
jskora@bf-law.com

By: _____
John Ben Blanchard

_____
Joshua J. Skora

**ATTORNEYS FOR DEFENDANT
KHALID YOHANA**

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Texas State Bar No. 24074228
500 South Taylor St., Suite 300
Amarillo, Texas 79101-2446
Phone (806) 324-2356
Fax (806) 324-2399
joshua.frausto@usdoj.gov

SO ORDERED.
May 26, 2016

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | Case No. 2:15-CR-87-D |
| JONATHAN KHALID PETRAS (01) | § | |
| WISAM IMAD SHAKER (02) | § | |
| ESSA SOLAQA (03) | § | |
| KHALID YOHANA (04) | § | |

### ACKNOWLEDGEMENT

I, _____, do declare and state as follows:

1. I am employed by _____ (name of employer) as _____ (job title/position).

2. A copy of the Protective Order in this case has been given to me, and I have read it.

3. I have been informed and understand that any disclosure of Confidential Information (as defined in the Protective Order) to any person or entity, except as permitted by the Protective Order, may subject the disclosing party to penalties as the Court deems appropriate.

4. I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Texas, Amarillo Division for purposes of enforcement of the Protective Order.

Executed this _____ day of _____, 2016.

_____

Printed Name _____

Employer _____