IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:15-CR-087-J  ECF |
| JONATHAN KHALID PETRAS (01)  WISAM IMAD SHAKER (02)  ESSA SOLAQA (03)  KHALID YOHANA (04) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS'
MOTIONS IN LIMINE**

Jonathan Khalid Petras, Wisam Imad Shaker, Essa Solaqa, and Khalid Yohana each filed a motion in limine. The motions are substantially similar, except that Shaker and Yohana's motions add an additional paragraph. For the convenience of the Court, the government will address the issues in the order raised in Petras' motion and will then address the additional paragraphs in Shaker and Yohana's motions.

**I.
Argument**

**1) Passenger concerns relayed by flight attendants**

The government opposes this limine request. The defendants seek to prevent the flight attendants, specifically Jamie Bergren and Leslie Rouch, from testifying about what passenger Darge said regarding her encounter with one or more defendants. This evidence is relevant because Darge's statements and her body language impacted the flight attendants' decision to ask the pilots to divert the aircraft. Darge's statements will

**Government's Consolidated Response to Defendants' Motions in Limine– Page 1**

not be offered to prove the truth of matter asserted, but to show the effect on the listener—the flight attendants—and are therefore not hearsay. *See* Fed. R. Evid. 801(c)(2). They also were Darge's present-sense impression of an event or condition, which is an exception to the hearsay rule. *See* Fed. R. Evid. 803(1). The Court's instructions to the jury will make clear that the defendants are on trial only for the crime charged (i.e., interference with a flight crew member) and not for anything they said or did to any passenger.

### 2) Words or actions must be attributable to a particular defendant

The government opposes this limine request. The flight attendants and passengers should be allowed to testify generally about what they saw and heard even if they are unable to attribute the behavior or statement to a particular defendant. This evidence is relevant to understanding the totality of the circumstances on the aircraft during the flight, and any failure to specify who did or said what goes to the weight of the evidence and not its admissibility. The probative value of such evidence, to the extent that it raised the flight attendants' alarm, is high, and any concern about unfair prejudice or jury confusion can be resolved by the court's instructions to the jury. Ultimately, the determination of which particular defendant is responsible for a specific act or statement is a fact issue for the jury to decide. Additionally, because the indictment charges the defendants with interference with a flight crew *and* aiding and abetting, evidence regarding the behavior and statements of others is relevant.

3) **Testimonial evidence must be precluded unless the source of the information is available for cross-examination at trial**

The government agrees.

4) **Evidence of any statements made by any defendant regarding any intent to sue Southwest Airlines**

The government agrees.

5) **Evidence regarding flight crew training and Southwest Airlines policies**

The government agrees.

6) **Costs incurred by Southwest Airlines in diverting the airplane**

The government agrees in part and opposes in part. The government agrees not to mention the exact cost of diverting the flight. However, it is relevant for the jury to understand, generally, that the flight attendants and flight crew try to avoid diverting an aircraft for multiple reasons, such as cost and the inconvenience it causes to other passengers, but that on August 31, 2016, the flight attendants and flight crew felt that they could not avoid diverting the aircraft due to the defendants' actions.

7) **Any evidence that Petras violated terms and conditions of pretrial release**

The government agrees.

8) **Any evidence that the flight attendants had never been on a diverted flight before this flight**

The government opposes this limine request advanced by Shaker. The government anticipates the flight attendants will each testify that they have dealt with unruly and noncompliant passengers before, but they were able to take control of these

situations and continue the flights without diverting. This stands in contrast to the flight on August 31, 2015, in which the defendants' disruptive actions could not be controlled or handled by any flight attendant, causing the need to divert the aircraft.

### 9) Interactions between Yohana and passengers not witnessed, heard, or observed by flight attendants

The government opposes this limine request advanced by Yohana for the same reasons set forth under number 1 above. Specifically, this evidence is relevant because Darge's statements and her body language impacted the flight attendants' decision to ask the pilots to divert the aircraft. The information is also relevant to show Yohana's overall behavior and demeanor on the aircraft.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/ *Joshua Frausto*
JOSHUA FRAUSTO
Assistant United States Attorney
Texas State Bar No. 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:   806-324-2399
E-Mail:       joshua.frausto@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Joshua Frausto*
JOSHUA FRAUSTO
Assistant United States Attorney