IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 2:15-CR-087-D |
| VS. | § |
| | § |
| JONATHAN KHALID PETRAS, | § |
| WISAM IMAD SHAKER, | § |
| ESSA SOLAQA, and | § |
| KHALID YOHANA, | § |
| | § |
| Defendants. | § |

## COURT'S CHARGE

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions—what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial. You must not be influenced in any way by either sympathy or prejudice for or against the defendants or the government.

You must also follow the law as I explain it to you whether you agree with that law or not, and you must follow all of my instructions as a whole. You may not single out, or disregard, any of my instructions on the law.

The indictment is merely a formal charge against the defendants and is not evidence of guilt. The defendants have pleaded not guilty. The law presumes each defendant to be innocent and

31  therefore each defendant starts the trial with a clean slate. The law does not require a defendant to
32  prove his innocence or produce any evidence at all, and no inference whatever may be drawn from
33  the election of a defendant not to testify.

34  The government has the burden of proving each element of the offense charged by proof
35  beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant in question.

36  Throughout your deliberations, you must presume that each defendant is innocent until such
37  time, if ever, you as a jury are satisfied that the government has proved the defendant guilty beyond
38  a reasonable doubt.  If you view the evidence in the case as reasonably permitting two
39  conclusions—one of innocence, the other of guilt—you must adopt the conclusion of innocence.
40  You must never convict a defendant on mere suspicion or conjecture.  Unless you are satisfied
41  beyond a reasonable doubt that the defendant in question is guilty, the presumption of innocence
42  alone is sufficient to find the defendant not guilty.

43  While the government's burden of proof is a strict or heavy burden, it is not necessary that
44  a defendant's guilt be proved beyond all possible doubt. It is only required that the government's
45  proof exclude any "reasonable doubt" concerning the defendant's guilt.

46  A "reasonable doubt" is a doubt based upon reason and common sense after careful and
47  impartial consideration of all of the evidence in the case.  Proof beyond a reasonable doubt,
48  therefore, is proof of such a convincing character that you would be willing to rely and act upon it
49  without hesitation in making the most important decisions of your own affairs. If you are convinced
50  that the government has proved the defendant in question guilty beyond a reasonable doubt, say so.
51  If you are not convinced, say so.

52  As stated earlier, it is your duty to determine the facts, and in doing so you must consider
53  only the evidence that I have admitted in the case. The term "evidence" includes the sworn
54  testimony of the witnesses and the exhibits admitted in the record.

55  Remember that any statements, objections, and arguments made by the lawyers are not
56  evidence in the case. The function of the lawyers is to point out those things that are most
57  significant or most helpful to their side of the case, and in doing so to call your attention to certain
58  facts or inferences that might otherwise have escaped your notice. In the final analysis, however,
59  it is your own recollection and interpretation of the evidence that controls. What the lawyers have
60  said is not binding upon you.

61  If a lawyer asked a question during the trial that contained an assertion of fact, you may not
62  consider this assertion as evidence of that fact unless the witness adopted the asserted fact.
63  Questions and assertions are not, in and of themselves, evidence.

64  While you may consider only the evidence in the case, you are permitted to draw such
65  reasonable inferences from the testimony and exhibits as you feel are justified in light of common
66  experience. In other words, you may make deductions and reach conclusions that reason and
67  common sense lead you to draw from the facts established by the testimony and evidence in the case.

68  You should not be concerned about whether the evidence is direct or circumstantial. "Direct
69  evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.
70  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something
71  is or is not a fact. The law makes no distinction between the weight you may give to either direct
72  or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of
73  the defendant's guilt beyond a reasonable doubt before you may find the defendant guilty.

74  You also must not assume from anything I may have said that I have any opinion concerning
75  any of the issues in this case. Except for my instructions to you, you must disregard anything I may
76  have said during the trial in arriving at your own decision concerning the facts.

77  In saying that you must consider all of the evidence, I do not mean that you must accept all
78  of the evidence as true or accurate. You are the sole judges of the credibility or believability of each
79  witness and the weight to be given the witness' testimony. In weighing the testimony of a witness
80  you should consider the witness' relationship to the government or to a defendant; the witness'
81  interest, if any, in the outcome of the case; the witness' manner of testifying; the witness'
82  opportunity to observe or acquire knowledge concerning the facts about which the witness testified;
83  the witness' candor, fairness, and intelligence; and the extent to which the witness' testimony has
84  been supported or contradicted by other credible evidence. You may, in short, accept or reject the
85  testimony of any witness, in whole or in part.

86  Also, the number of witnesses testifying concerning any particular dispute is not controlling.
87  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute
88  is more believable than the testimony of a larger number of witnesses to the contrary.

89  In deciding whether you believe or do not believe any witness, I suggest that you ask
90  yourself a few questions: Did the person impress you as one who was telling the truth? Did the
91  witness have any particular reason not to tell the truth? Did the witness have a personal interest in
92  the outcome of the case? Did the witness seem to have a good memory? Did the witness have the
93  opportunity and ability to observe accurately the things the witness testified about? Did the witness
94  appear to understand the questions clearly and answer them directly? Did the witness' testimony
95  differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

The testimony of a witness may be discredited or impeached by contradictory evidence or by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

In any criminal case the government must prove the identity of the defendant in question as the person who committed the alleged crime. When a witness points out and identifies the defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth as the witness understands it. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the alleged crime to observe the person in question? What length of time did the witness have to

117 observe the person? What were the prevailing conditions at that time in terms of visibility or
118 distance and the like? Had the witness known or observed the person at earlier times?
119 You may also consider the circumstances surrounding the later identification itself including,
120 for example, the manner in which the defendant was presented to the witness for identification, and
121 the length of time that elapsed between the incident in question and the witness' identification of the
122 defendant. After examining all of the testimony and evidence in the case, if you have a reasonable
123 doubt as to the identity of the defendant in question as the perpetrator of the offense charged, you
124 must find the defendant in question not guilty.
125 I remind you that a defendant has the right not to testify. When a defendant does testify,
126 however, the defendant's testimony should be weighed and credibility evaluated in the same way
127 as that of any other witness.
128 The testimony of a law enforcement officer is entitled to no special weight. It is subject to
129 the same examination and the same credibility as is the testimony of any other witness. In other
130 words, you should not believe a law enforcement officer merely because the person is a law
131 enforcement officer. You should recall each officer's demeanor, the officer's manner of testifying,
132 and the substance of the officer's testimony. You should weigh and balance the testimony just as
133 carefully as you would the testimony of any other witness.
134 The case of each defendant must be considered separately and individually. The fact that
135 you may find one defendant guilty or not guilty of the crime charged should not control your verdict
136 as to any other defendant. You must give separate consideration to the evidence as to each
137 defendant.

138  Additionally, the defendants are on trial here only for the offense set forth in the indictment.
139  In order for you to find the defendant in question guilty of the crime charged in the indictment, the
140  government must prove each of the essential elements of the crime beyond a reasonable doubt. The
141  defendants are not on trial for any acts, conduct, or offense not alleged in the indictment. Neither
142  are you called upon to return a verdict as to the guilt or innocence of any other person or persons not
143  on trial.

144  You will note that the indictment charges that the offense was committed "on or about" a
145  certain date. The government does not have to prove with certainty the exact date of the alleged
146  offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was
147  committed on a date reasonably near the date alleged in the indictment.

148  <u>Count One: Interference with Flight Crew</u>

149  Count One of the indictment charges that, on an aircraft in the special aircraft jurisdiction
150  of the United States, the defendants knowingly interfered and attempted to interfere with the
151  performance of the duties of a flight crew member and flight attendant(s) of the aircraft, and
152  lessened the ability of the member and attendant(s) to perform those duties, by intimidating the flight
153  attendant(s) and flight crew member, in violation of 49 U.S.C. § 46504.

154  49 U.S.C. § 46504 makes it a federal crime for an individual on an aircraft in the special
155  aircraft jurisdiction of the United States to intentionally intimidate a flight crew member or a flight
156  attendant of the aircraft, and in doing so, interfere with the performance of the duties of the flight
157  crew member or flight attendant, or lessen the ability of the flight crew member or flight attendant
158  to perform those duties, or attempt to do so.

159  For you to find the defendant in question guilty of this crime, you must be convinced that
160 the government has proved each of the following essential elements beyond a reasonable doubt:

161 <u>First</u>, that the defendant in question was on an aircraft in the special
162 aircraft jurisdiction of the United States;

163 <u>Second</u>, that the defendant in question intentionally intimidated a
164 flight crew member or flight attendant; <u>and</u>

165 <u>Third</u>, that in doing so, interfered with the performance of the duties
166 of the flight crew member or flight attendant, or lessened the ability
167 of the flight crew member or flight attendant to perform those duties.

168  "Special aircraft jurisdiction of the Unites States" includes any of the following aircraft in
169 flight: (a) a civil aircraft of the United States; (b) an aircraft of the armed forces of the United States;
170 and (c) another aircraft in the United States.

171  "Aircraft in flight" means an aircraft from the moment all external doors are closed following
172 boarding through the moment when one external door is opened to allow passengers to leave the
173 aircraft, or until, if a forced landing, competent authorities take over responsibility for the aircraft
174 and individuals and property on the aircraft.

175  To prove that the actions of the defendant in question amounted to intimidation, the
176 government must prove beyond a reasonable doubt that the defendant's words and conduct would
177 place an ordinary, reasonable person in fear.

178  It is not necessary that the government prove that the defendant in question acted with
179 specific intent to interfere with the performance of the duties of the flight crew member or flight
180 attendant or that he acted with specific intent to lessen the ability of the flight crew member or flight
181 attendant to perform those duties.

182  It is also a crime for anyone to attempt to commit a violation of certain specified laws of the
183 United States. Count One of the indictment also charges that the defendants attempted to interfere
184 with a flight crew. The essential elements of the offense of interference with a flight crew are
185 already given above.

186  For you to find the defendant in question guilty of attempting to commit the offense charged
187 in Count One of the indictment, you must be convinced that the government has proved each of the
188 following essential elements beyond a reasonable doubt:

189  <u>First</u>, that the defendant in question intended to commit the offense
190  of interference with flight crew; <u>and</u>

191  <u>Second</u>, that the defendant in question did an act that constitutes a
192  substantial step towards the commission of that crime and that
193  strongly corroborates the defendant's criminal intent and amounts to
194  more than mere preparation.

195 <u>Aiding and Abetting</u>

196  The indictment charges in Count One that the defendants aided and abetted the commission
197 of the crime charged.

198  18 U.S.C. § 2 provides:

199  Whoever commits an offense against the United States, or aids, abets,
200  counsels, commands, induces, or procures its commission, is
201  punishable as a principal.

202  Whoever willfully causes an act to be done, which if directly
203  performed by him or another would be an offense against the United
204  States, is punishable as a principal.

205  The guilt of a defendant in a criminal case may be established without proof that he
206 personally did every act constituting the offense alleged. The law recognizes that, ordinarily,
207 anything a person can do for himself may also be accomplished by him through the direction of

208    another person as his agent, or by acting in concert with, or under the direction of, another person
209    or persons in a joint effort or enterprise.

210    If another person is acting under the direction of the defendant or if the defendant joins
211    another person and performs acts with the intent to commit a crime, then the law holds the defendant
212    responsible for the acts and conduct of such other persons just as though the defendant had
213    committed the acts or engaged in such conduct.

214    Before any defendant may be held criminally responsible for the acts of others, it is
215    necessary that the accused deliberately associate himself in some way with the crime and participate
216    in it with the intent to bring about the crime.

217    Of course, mere presence at the scene of a crime and knowledge that a crime is being
218    committed are not sufficient to establish that the defendant either directed or aided and abetted the
219    crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely
220    a knowing spectator.

221    In other words, you may not find the defendant guilty as an aider and abettor unless you find
222    beyond a reasonable doubt that every element of the offense as defined in these instructions was
223    committed by some person or persons, and that the defendant voluntarily participated in its
224    commission with the intent to violate the law.

225    For you to find the defendant in question guilty of the offense charged in Count One as an
226    aider or abettor, you must be convinced that the government has proved each of the following
227    essential elements beyond a reasonable doubt:

228   First, that the offense charged in Count One of the indictment was
229   committed by some person;

230   Second, that the defendant associated with the criminal venture;

231   Third, that the defendant purposefully participated in the criminal
232   venture; and

233   Fourth, that the defendant sought by action to make that venture
234   successful.

235 "To associate with the criminal venture" means that the defendant shared the criminal intent
236 of the principal. This element cannot be established if the defendant had no knowledge of the
237 principal's criminal venture.

238 "To participate in the criminal venture" means that the defendant engaged in some
239 affirmative conduct designed to aid the venture or assisted the principal of the crime.

### Jury Deliberations

241 You are here to determine from the evidence in this case whether the defendants are guilty
242 or not guilty. The question of punishment should never be considered by you in any way in deciding
243 the case. If a defendant is convicted, the matter of punishment is for me to determine.

244 Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.
245 In other words, to return a verdict you must all agree. Your deliberations will be secret; you will
246 never have to explain your verdict to anyone.

247 It is your duty as jurors to discuss the case with one another in an effort to reach agreement
248 if you can do so. Each of you must decide the case for yourself, but only after full consideration of
249 the evidence with the other members of the jury. While you are discussing the case, do not hesitate
250 to reexamine your own opinion and change your mind if you become convinced you are wrong. But

251  do not give up your honest beliefs solely because the others think differently or merely to get the
252  case over with.

253  When you go to the jury room you should first select one of your members to act as presiding
254  juror. The presiding juror will preside over your deliberations and will speak for you here in court.

255  A form of verdict has been prepared for your convenience. You will take the verdict form
256  to the jury room and, when you have reached unanimous agreement, the presiding juror will fill in
257  the verdict form, date and sign it, and then advise the Court Security Officer that you have reached
258  a verdict. You will then deliver the verdict form to the Court Security Officer who will, in turn,
259  deliver it to me.

260  The court will honor the schedule you set for your deliberations and your requests for breaks
261  during your deliberations. From time to time I may communicate with you concerning your
262  schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not
263  in any way intended to suggest that your deliberations should be conducted at a different pace or on
264  a different schedule.

265  During the trial, the court reporter made a verbatim record of the proceedings. The court
266  rules do not provide for testimony to be produced for the jury in written form, or for testimony to
267  be read back to the jury as a general aid in refreshing the jurors' memories. In limited
268  circumstances, the court may direct the court reporter to read testimony back to the jury in open
269  court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a
270  particular witness, and identifies the specific testimony in dispute.

271  If you should desire to communicate with me at any time, the presiding juror should write
272  down your message or question and pass the note to the Court Security Officer, who will bring it

| | |
|---|---|
| 273 | to my attention.  I will then respond as promptly as possible, either in writing or by having you |
| 274 | returned to the courtroom so that I can address you orally. |
| 275 |       With regard to any message or question you send in which you indicate the jury is divided, |
| 276 | you shall not tell me your numerical division at the time. |
| 277 |       June 22, 2016. |
| 278 | |
| 279 | |
| 280 | SIDNEY A. FITZWATER |
| 281 | UNITED STATES DISTRICT JUDGE |